1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE ) | 1:11-CV-0381 AWI SKO |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| v. ) | |
| ) | |
| COUNTY OF MERCED; DISTRICT ) | ORDER CORRECTING PRIOR |
| ATTORNEY LARRY MORSE; DEPUTY ) | CLERICAL ERROR AND |
| DISTRICT ATTORNEY ALAN ) | AMENDING COURT'S |
| TURNER; COUNTY COUNSEL JAMES ) | ORDER OF JANUARY 11, |
| FINCHER; MERCED COUNTY ) | 2012, REGARDING STAY OF |
| SHERIFF MARK PAZIN; MERCED ) | ACTION ON PLAINTIFF'S |
| COUNTY SHERIFF DEPUTIES ) | CLAIM FOR UNLAWFUL |
| PACINICH, JASKOWIEAC, HILL and ) | ARREST |
| LEUCHNER; JAMES PADRON; ) | |
| SUPERVISOR JERRY O'BANION; ) | |
| CITY OF LOS BANOS; LOS BANOS ) | |
| POLICE OFFICERS GARY BRIZZEE ) | |
| and ANTHONY PARKER; CATHOLIC ) | (Amending) **Doc. # 96** |
| DIOCESE OF FRESNO; CONNIE ) | |
| McGHEE; McCLATCHY ) | |
| NEWSPAPERS; LOS BANOS ) | |
| ENTERPRISE; GENE LIEB; COREY ) | |
| PRIDE; and DOES 1 through 100, et al., ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

   Currently before the court is Defendants' motion to correct clerical error pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. In a memorandum opinion and order filed January 11, 2012, the court addressed Defendants' Motions to Dismiss Plaintiff's First

Amended Complaint (hereinafter, the January 11 Order).  With regard to Plaintiff's third claim for relief for violation of his Fourth Amendment right against arrest without probable cause, the court determined that the action must be stayed pending resolution of the criminal charges pending against Plaintiff in state court pursuant to Younger v. Harris, 401 U.S. 147 (1971).  See Doc. # 96 at 32:5-24.  In entering the order to stay, the court erroneously included in the order parties that were not named as Defendants with regard to Plaintiffs' claim for unlawful arrest in Plaintiff's First Amended Complaint.  Defendants point out two of the parties were County of Merced and Supervisor O'Banion. The court also finds it erred by including the names of Brizzee and Pazin, who were also not named as Defendants in Plaintiff's third claim for relief.

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure:

> The court may correct a clerical mistake or a mistake arising from oversight ore omission, whenever one found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.

Id.

While Defendants have noticed a motion to correct the record and have scheduled a hearing thereon, the court has examined Plaintiff's First Amended Complaint and its January 11 Order and finds the court clearly erred in including the parties County of Merced, Supervisor O'Banion, Brizzee and Pazin in the list of parties included in the stayed action. The court will therefore correct the aforementioned errors pursuant to its inherent power under Rule 60(a).

THEREFORE, it is hereby ORDERED that the paragraph numbered 4 at page 44 of the court's January 11 Order, Document number 96, is hereby STRICKEN and the following is inserted in its place, *nunc pro tunc*:

4.  Defendants' motions to dismiss as to Defendants Picinich, Jaskowiac, Hill, Leuchner, Parker are hereby STAYED as to Plaintiff's claim for unlawful arrest in violation of the Fourth Amendment as set forth in his third claim for relief.  Any party having notice of the disposition of all of Plaintiff's criminal cases currently pending in state

court that are relevant to this action shall provide notice of same to this court prior to, or concurrently with, any motion for decision on Defendants' motion to dismiss Plaintiff's claims for arrest without probable cause.

Defendants' motion to correct the court's Order of January 11, 2012, Doc. # 97, is hereby DENIED as moot.  The hearing date of February 27, 2012 is hereby VACATED and no party shall appear at that time.

IT IS SO ORDERED.

Dated:   February 14, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE