IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE ) | 1:11-CV-0381 AWI SKO |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| v. ) | |
| ) | |
| COUNTY OF MERCED; DISTRICT ) | ORDER REGARDING |
| ATTORNEY LARRY MORSE; DEPUTY ) | PLAINTIFF'S OPPOSITION |
| DISTRICT ATTORNEY ALAN ) | TO DEFENDANTS' MOTION |
| TURNER; COUNTY COUNSEL JAMES ) | TO CORRECT CLERICAL |
| FINCHER; MERCED COUNTY ) | ERROR AND ORDER ON |
| SHERIFF MARK PAZIN; MERCED ) | SAME |
| COUNTY SHERIFF DEPUTIES ) | |
| PACINICH, JASKOWIEAC, HILL and ) | |
| LEUCHNER; JAMES PADRON; ) | |
| SUPERVISOR JERRY O'BANION; ) | |
| CITY OF LOS BANOS; LOS BANOS ) | Doc. # 101 |
| POLICE OFFICERS GARY BRIZZEE ) | |
| and ANTHONY PARKER; CATHOLIC ) | |
| DIOCESE OF FRESNO; CONNIE ) | |
| McGHEE; McCLATCHY ) | |
| NEWSPAPERS; LOS BANOS ) | |
| ENTERPRISE; GENE LIEB; COREY ) | |
| PRIDE; and DOES 1 through 100, et al., ) | |
| ) | |
| **Defendants**. ) | |
| _____ ) | |

On January 19, 2012, Defendants filed a motion to correct a clerical error in the court's Memorandum Opinion and Order filed January 11, 2012, granting in part and denying in part Defendants' motions to dismiss (hereinafter, the "January 11 Order," Doc. # 96). On

February 14, 2012, the court determined on its own motion that there had been a clerical error and issued an order correcting the identified clerical error.  Plaintiff submitted an opposition to Defendants' motion to correct on February 13, 2012 and submitted an amended opposition on the following day.  Doc. # 103 (hereinafter, Plaintiff's "Opposition").  Plaintiff's Opposition does not address the clerical nature of the correction requested by Defendants but rather "requests that this court deny what is not a correction to a clerical error and to reconsider and reverse its ruling dismissing the [D]efendants until after there has been minimal discovery which would reveal how deep the conspiracy is between the [D]efendants that has caused the violation of [P]laintiff's civil rights."  Doc. # 103 at 11:14-17.

To the extent Plaintiff's Opposition can be construed as an opposition to Defendant's motion to correct, that opposition is duly noted.  The court finds no reason to modify or amend its prior order because Plaintiff's Opposition does not address in any way the clerical nature of the error that resulted in the failure of the court to dismiss from Plaintiff's second claim for relief parties that had not been named as defendants to that claim.

To the extent Plaintiff's Opposition can be construed as a motion for reconsideration of its January 11 Order, that motion will be denied for the following reasons.

Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).

Plaintiff's Opposition alleges or re-alleges facts centering on a few contentions that appear to be central to Plaintiff's motivations in bringing this action, but that are not at all pertinent to the legal issues that are addressable by this court.  The court's January 11 Order pointed to the issues the court found were pertinent and the issues that were not.  Essentially, Plaintiff's Opposition is an attempt to reargue the facts and issues the court's January 11

Order found not pertinent to this action. The court will briefly summarize and reiterate those issues and facts here.

First, Plaintiff alleges a number of "facts" pertaining to the handling (or mis-handling) of Plaintiff's 2009 "citizen's complaint" which purports to set forth the factual basis for his claims of unlawful arrest and unlawful use of force arising out of the 2009 arrest that is the subject of his claim for unlawful use of force in violation of his Fourth Amendment rights in this action. The Fourth Amendment provides Plaintiff a basis for redress of instances of excessive use of force by police officers. It does not provide for any particular disposition or handling or consideration of any citizen complaints or claims he may submit directly to the offending police agency. Similarly, the Fourteenth Amendment guarantees Plaintiff fair access to this court and its processes to seek redress for the unlawful application of force in this court, not for any particular handling of a citizens' complaints by the offending agency. Therefore, in this case, the question is whether Plaintiff can adduce facts sufficient to show that he suffered the application of excessive force by police officers.

In a similar vein, whatever the fate of Plaintiff's citizen's complaint, neither the complaint nor anything that happened after it was filed constitutes evidence of any constitutional conspiracy against Plaintiff. As the court's January 11 Order pointed out, evidence of a conspiracy to deprive Plaintiff of any constitutional right must pre-exist any actual depravation of the right. The only right in play in this action is Plaintiff's Fourth Amendment right against excess use of force and there is absolutely no evidence alleged by Plaintiff that would indicate that a plan to cause such a depravation pre-existed the arrest where it is alleged the depravation occurred. The court does not rule out the possibility there may have been a conspiracy to "bury" the citizen's report; but since there is no constitutional right that guarantees the consideration of, or any particular resolution of, a citizen's report by police or municipal officials, any such conspiracy cannot rise to the level of constitutional harm. Plaintiff asks, perhaps rhetorically, "Doesn't the breaking of Government Code 1222 for the alleged ulterior purpose to obstruct an investigation of police brutality and abuses done under the color of law by the [D]efendants mean anything to this court?" Doc. # 103 at

5:9-11.  In general, the answer is "Yes."  However, in this case, the court is concerned with the alleged occurrence of police brutality, not the investigation of it by someone else. Plaintiff has at his disposal this forum to prove his claim of police brutality if he is able to do so.  Plaintiff cannot bootstrap whatever dead-end his citizen's report may have suffered into a separate basis of liability against all the individuals who had anything to do with the report.

Second, Plaintiff alleges or re-alleges a number of facts that pertain to the prosecution of Plaintiff in Merced Superior Court on pending criminal charges by personnel of the District Attorney's office, who Plaintiff alleges previously stated had a "conflict of interest" with regard to Plaintiff's criminal prosecution.  As the court determined in its January 11 Order, the court is compelled under the doctrine of <u>Younger</u> abstention to *stay* any action that would have any tendency to interfere with the action(s) currently pending in the Superior Court.  This includes any claim or allegation of conflict of interest.  Such matters cannot be passed upon by this court because any decision reached by this court would directly interfere with the Superior Court's own determination of the same issue.  If Plaintiff has a concern with any potential conflict of interest, he is required to raise that issue first in the forum where the alleged conflict of interest exists.  This court is not that forum.

Third, Plaintiff's Opposition appears to dispute the court's dismissal of Defendant Padron, the *pro tem* judge Plaintiff requested be subjected to a citizen's arrest, at least to the extent the court may have noted such an arrest was unlawful.  The court has reviewed its January 11 Order and notes that, after taking into account all of Plaintiff's allegations as set forth in the FAC and all of the allegations in the proposed amendment, the court concluded there was no plausible legal cause for an arrest of Padron, whether citizen's or otherwise. Plaintiff protests that no actual arrest occurred and alleges that he "was having Padron arrested for obstruction of justice by Padron portending [sic] to be a judge during a hearing that he was disqualified from."  Doc. # 103 at 9:12-15.  As the court noted in its January 11 Order, there is no constitutionally guaranteed right to effectuate a citizen's arrest.  Plaintiff objected to the jurisdiction of a *pro tem* judge and there is no allegation that a *pro tem* judge asserted jurisdiction over any aspect of Plaintiff's Superior Court case.  The fact that Plaintiff

now labels Padron's service as a *pro tem* judge an "obstruction of justice" does not add anything to Plaintiff's claim of infringement of constitutional rights. Plaintiff's restated claim against Padron is as devoid of merit in his Opposition as in his original claim and the court finds no reason whatsoever to reverse its dismissal of Padron with prejudice.

Finally, Plaintiff's Opposition misquotes the court's January 11 Order to suggest that the court has forbade Plaintiff from pursuing other avenues of redress of his grievances. This is emphatically not the case. The court's January 11 Order concludes that "Plaintiff has alleged claims of unreasonable use of force under the Fourth Amendment against Defendants Picinich and Parker that are sufficient to withstand Defendants' motion to dismiss. Plaintiff may proceed with this claim and no others." Doc. # 96 at 43:13-15. There is nothing stated or implied in the court's order that in any way limits Plaintiff's efforts to further seek redress of is grievances through the FBI or by any other means. The court's order merely states that in *this* court, in *this* action, Plaintiff may go forward at *this* time only with his excessive force claims against Picinich and Parker. This remains the essence of the court's January 11 Order.

To the extent that Plaintiff's Opposition may be construed as being a motion for reconsideration of the court's January 11 Order, that motion is hereby DENIED.

IT IS SO ORDERED.

Dated:   February 23, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE