IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE ) <br> ) <br> **Plaintiff**, ) <br> ) <br> v. ) <br> ) <br> COUNTY OF MERCED; DISTRICT ) <br> ATTORNEY LARRY MORSE; DEPUTY ) <br> DISTRICT ATTORNEY ALAN ) <br> TURNER; COUNTY COUNSEL JAMES ) <br> FINCHER; MERCED COUNTY ) <br> SHERIFF MARK PAZIN; MERCED ) <br> COUNTY SHERIFF DEPUTIES ) <br> PACINICH, JASKOWIEAC, HILL and ) <br> LEUCHNER; JAMES PADRON; ) <br> SUPERVISOR JERRY O'BANION; ) <br> CITY OF LOS BANOS; LOS BANOS ) <br> POLICE OFFICERS GARY BRIZZEE ) <br> and ANTHONY PARKER; CATHOLIC ) <br> DIOCESE OF FRESNO; CONNIE ) <br> McGHEE; McCLATCHY ) <br> NEWSPAPERS; LOS BANOS ) <br> ENTERPRISE; GENE LIEB; COREY ) <br> PRIDE; and DOES 1 through 100, et al., ) <br> ) <br> **Defendants.** ) <br> _____ ) | 1:11-CV-0318 AWI BAM <br><br> RESPONSE TO PLAINTIFF'S REQUEST FOR INTERVENTION AND ORDER REQUIRING DEFENDANTS UPDATE STATUS OF CRIMINAL PROCEEDINGS IN SUPERIOR COURT <br><br> Doc. No's 113, 116 and 117 |

On January 11, 2012, the court issued a Memorandum Opinion and Order granting in part and denying in part Defendants' motion to dismiss Plaintiff's First Amended Complaint. Doc. # 96 (hereinafter, the "January 11 Order"). The Order was later amended to correct

clerical errors and Plaintiff's motion for reconsideration was denied, however the portion of the Order that stayed Plaintiff's remaining claims pursuant to Younger v. Harris, 401 U.S. 37 (1071) pending the conclusion of criminal proceedings in Merced County Superior Court remains in effect.  As of this writing, the court has not received notification of the conclusion of the criminal case or cases in Merced Superior Court, but the court has received two pleadings from Plaintiff.  The first pleading was filed on October 1, 2012, and is styled as a report on the status of Plaintiff's criminal cases in Superior Court and a "Request for Intervention by the Court to Stop Defendants from Obstructing Justice in the Criminal Cases".  Doc. # 113 (hereinafter "Request for Intervention").  The second pleading was filed on November 21, 2012, and is titled "Request for Adherence to Judicial Canon 2.15 Responding to Judicial And Lawyer Misconduct . . . ."  Doc. # 116 and 117 (hereinafter, the "Request for Adherence").

Although the requests are quite different in terms of what they seek; neither request can be granted because both seek this court's intervention in, or review of, another court's proceedings.  As this court understands Plaintiff's Request for Intervention, it is Plaintiff's request that this court intervene in the Superior Court proceedings to either: (1) prevent the dismissal of Plaintiff's criminal cases based on a finding of Plaintiff's mental incompetence to stand trial, or (2) assure that any finding of mental incompetence by the Superior Court be made by a jury.  There are at least two reason this request cannot be granted.  The first reason was explained in some detail in the court's January 11 Order.  In a nutshell, this or any other court can only direct the actions of anyone outside the court by means of injunction; and the issuance of an injunction by a federal court that interferes in the proceedings in a state court is precisely what is prohibited by Younger.  The Supreme Court's reason for establishing what has come to be called the doctrine of "Younger Abstention" is based on our concept of "federalism" and is very eloquently set forth at pages 43 to 45 of the Younger decision.  Plaintiff is encouraged to read that portion of the Younger decision.

The second, and less important, reason Plaintiff's Request for Intervention cannot be granted is also explained is some detail in the court's January 11 Order.  As the court pointed

out in that order, the decision to prosecute or not prosecute is at the sole and exclusive discretion of the district attorney of that jurisdiction.  Contrary perhaps to Plaintiff's understanding, district attorneys are representatives of the executive branch of government, not the judicial branch, and courts may not interfere in the discretion vested by the executive branch regarding the prosecution of crimes.  See United States v. Miller, 722 F.2d 562, 565 (9th Cir. 1983) (charging decisions are generally within the prosecutor's exclusive domain). While the Sixth Amendment definitely assures that a person cannot be convicted of a crime without the opportunity of a trial before a jury, there is no right, constitutional or otherwise, to the maintenance of a criminal prosecution and a jury trial where the district attorney decides for any reason to dismiss the proceeding.

      Plaintiff's Request for Adherence pertains to an action filed by Plaintiff in the District Court of Northern California that alleges constitutional violations against the Pleasanton Police Department, among others.  Plaintiff's Request for Adherence suggests that the judge in that case, Judge Claudia Wilken, has preliminarily indicated that she will grant the motion for one or more of the defendants in that case for summary judgment notwithstanding Plaintiff's allegation that a portion of the argument presented at the hearing on the motion for summary judgment was based on facts that were knowingly misrepresented by the defendants' attorneys.  In short, Plaintiff requests that this court act to prevent the occurrence of fraud upon the court that he feels is imminent in the Northern District.  The court cannot grant Plaintiff's request for the simple reason district courts do not supervise each other, they are each supervised by the Ninth Circuit Court of Appeal.  The issue is basically one of venue.  The case involving the Pleasanton Police Department was filed in the Northern District because the town of Pleasanton is in that District.  When a party to an action seeks out a district court in a different district to rectify perceived errors in the original court, that is the essence of "forum shopping" and is prohibited.  If, after the Northern District issues its decision on the motion for summary judgment, Plaintiff is of the opinion that the decision was a product of fraud upon the court, his only recourse is to the Ninth Circuit Court of Appeals.  This court cannot carry out the supervisory duties of an appellate court.

While the court cannot grant Plaintiff's requests for intervention in other courts, the concerns raised in October of last year do raise a question of the status of the criminal proceedings in Superior Court.  Since it appears that the issue of competency was raised at least four months ago, and the court has not received an update on the status of the case from Defendants in a considerably longer time, the court will direct that Defendants submit an update as to the status of criminal proceedings regarding Plaintiff in the Superior Court.

THEREFORE, it is hereby ordered that Plaintiff's requests as expressed in docket numbers 113, 116 and 117 are each DENIED.  Defendants shall submit an update on the status of criminal proceedings and shall provide a non-binding estimate of time to resolution of those proceedings not later than fifteen (15) days from the date of service of this order.

IT IS SO ORDERED.

Dated:    March 25, 2013

SENIOR DISTRICT JUDGE