1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT FOR THE**

8

**EASTERN DISTRICT OF CALIFORNIA**

9

10   **EUGENE FORTE**                                   )
                                                          )     **1:11-cv-0318 AWI BAM**
11                   **Plaintiff,**                        )
                                                          )     **1:11-cv-0718 AWI BAM**
12           **v.**                                        )
                                                          )     **ORDER DENYING**
13   **COUNTY OF MERCED; DISTRICT**                        )     **PLAINTIFF'S MOTIONS TO**
     **ATTORNEY LARRY MORSE; DEPUTY**                      )     **FILE INTERLOCUTORY**
14   **DISTRICT ATTORNEY ALAN**                            )     **APPEALS IN THE ABOVE**
     **TURNER; COUNTY COUNSEL JAMES**                      )     **CAPTIONED CASES AND**
15   **FINCHER; MERCED COUNTY**                            )     **ORDER DENYING REQUESTS**
     **SHERIFF MARK PAZIN; MERCED**                        )     **TO PROCEED IN FORMA**
16   **COUNTY SHERIFF DEPUTIES**                           )     **PAUPERIS AS MOOT**
     **PACINICH, JASKOWIEAC, HILL and**                    )
17   **LEUCHNER; JAMES PADRON;**                           )
     **SUPERVISOR JERRY O'BANION;**                        )
18   **CITY OF LOS BANOS; LOS BANOS**                      )
     **POLICE OFFICERS GARY BRIZZEE**                      )     **Addresses Docket No. 138 in**
19   **and ANTHONY PARKER; CATHOLIC**                      )     **Case Number 11cv0318 and**
     **DIOCESE OF FRESNO; CONNIE**                         )     **Docket Number 77 in Case**
20   **McGHEE; McCLATCHY**                                 )     **Number 11cv0718**
     **NEWSPAPERS; LOS BANOS**                             )
21   **ENTERPRISE; GENE LIEB; COREY**                      )
     **PRIDE; and DOES 1 through 100, et al.,**            )
22                                                         )
                     **Defendants.**                       )
23   _____               )
                                                          )
24   **EUGENE FORTE**                                      )
                                                          )
25                   **Plaintiff,**                        )
                                                          )
26           **v.**                                        )
                                                          )
27   **TOMMY JONES, an individual, and**                   )
     **DOES 1-100, et al.,**                               )
28                                                         )
                     **Defendants.**                       )
     _____               )

On June 13, 2013, plaintiff Eugene Forte ("Plaintiff") filed a "Motion for Leave to File Appeal and Proceed In Forma Pauperis" (hereinafter, the "Motion") in Case Number 11cv0718.  Of the claims originally alleged in Plaintiff's Second Amended Complaint ("SAC") in that case, summary judgment has been granted with respect to two claims and the third claim for infringement of Plaintiff's rights of free speech under the First Amendment in violation of 42 U.S.C. § 1983 remains viable.  On June 14, 2013, Plaintiff filed a Notice of Interlocutory Appeal and a Motion to Proceed in Forma Paupers in Case Number 11cv0318.  At present, at least two claims remain undismissed and therefore viable in that case.  Because claims for relief remains in both of Plaitniff's cases, there has been no final order of the court in either case.  This order addresses Plaintiff's motions for leave to file interlocutory appeal and to proceed in forma pauperis in cases 11cv0718 and in 11cv0318 and the court's order applies equally to both cases.

Generally, jurisdiction of appellate courts is restricted to "final decisions of the District Courts of the United States . . . ."  28 U.S.C. § 1291.  A "final decision" in this context means, generally, an order of judgment or an order that otherwise closes the case in the district court.  The exception to the general rule that only final orders are appealable is provided by 28 U.S.C. § 1292, which provides appellate jurisdiction for non-final orders.  Pursuant to section 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a *controlling question of law* as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The court cannot be compelled to certify an order or an issue under section 1292(b), see Green v. Occidental Petroleum Corp., 541 F.2d 1335, 1338 (9th Cir. 1976), and the court's refusal to certify an order under this statute is not appealable.  See Oppenheimer v. Los Angeles County Flood Control Dist., 453 F.2d 895, 895 (9th Cir. 1972).  The

2

requirements for certification are: (1) that there is a controlling question of law; (2) that there are substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.  In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).

Plaintiff's motions vaguely state that the "appeal will address issues, but not limited to such, as follows:".  Doc. # 77 at 2:18.  Plaintiff goes on to explain his contentions that the court's minute order setting a hearing on the issue of Plaintiff's mental competence on July 9, 2013, and the Magistrate Judge's minute order holding Plaintiff's motions for appointment of Counsel in abeyance were abuses of discretion.  As the court explained in the accompanying order denying appointment of guardian ad litem and attorney ad litem, the court is empowered administer its proceedings and make necessary determinations as it sees fit; thus, there is no "controlling question of law" at issue here.

As the court explained at the hearing of May 29, and reiterates in the order accompanying this order, the court cannot appoint a guardian ad litem unless a plaintiff is not competent.  The appointment of a guardian ad litem wrests a good deal of authority from a plaintiff and is not to be undertaken lightly.  Thus, Plaintiff, by requesting the appointment of his wife as guardian ad litem has played a role in occasioning the hearing to which he now objects.  In the order denying appointment of guardian ad litem that is filed concurrently with this order, the court expressed it core concern with regard to Plaintiff's competence.  The court's primary concern is that the integrity of this proceeding not be jeopardized by either party.  Defendant's stated intent to raise the issue of Plaintiff's competence to present evidence raises concerns regarding the integrity of proceedings just as much as Plaintiff's demonstrated propensity to regard every legal determination that goes against him as part of some grand conspiracy against Plaintiff.

If there was any doubt as to the merit of the court's concern regarding Plaintiff's willingness or ability to do his part to maintain the integrity of the court's proceedings, an examination of Plaintiff's motion for leave to appeal and his prior motion and requests for recusal of Judge Ishii will allay any such doubts.  Plaintiff's Motion is a 31-page exposition

3

of his delusional structure to which this court has now apparently been added.  This is important for only one reason.  Participation in proceedings before this or any court require, at minimum, that the participants accept the court in its role as gatekeeper with regard to both issues and testimony that are relevant to the action before the court and in its role as final authority as to governing law for purposes of the proceedings before it.

As explained in the accompanying order, the court's decision regarding Plaintiff's competence does not hinge on the presence or absence of any particular psychological diagnosis.  Rather, court's inquiry centers on Plaintiff's ability to accept his role, the opposition's role and the court's role and to proceed in accordance with the court's determinations as to both law and relevance.  Both parties have raised issues that require the court to make determinations as to Plaintiff's competence, Further, Plaintiff's prior and current pleadings have given the court reason to have concern regarding Plaintiff's ability to carry out his proper role in the proceedings according the orders of a court whose integrity Plaintiff questions.  The court is therefore of the opinion that its determination that a hearing on the subject of Plaintiff's competence is required is correct.  Consequently, there is no "controlling question of law" to be determined in this action and there are no substantial grounds for difference of opinion.  Plaintiff's request for leave to file an interlocutory appeal is therefore without merit.

Because there is no basis for interlocutory appeal, Plaintiff's motions to proceed in forma pauperis is moot.

THEREFORE, for the reasons discussed, Plaintiff's motion for leave to file an interlocutory appeals in Cases Numbered 11cv0718 and 11cv0318 are each hereby DENIED.  Plaintiff's motions to proceed in forma pauperis with regard to the appeals are DENIED as moot.

IT IS SO ORDERED.

Dated:    June 26, 2013    

_____
SENIOR  DISTRICT  JUDGE

4