**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EUGENE FORTE**,<br><br>        Plaintiff,<br><br>   v.<br><br>**COUNTY OF MERCED; DISTRICT ATTORNEY LARRY MORSE; DEPUTY DISTRICT ATTORNEY ALAN TURNER; COUNTY COUNSEL JAMES FINCHER; MERCED COUNTY SHERIFF MARK PAZIN; MERCED COUNTY SHERIFF DEPUTIES PACINICH, JASKOWIEAC, HILL and LEUCHNER; JAMES PADRON; SUPERVISOR JERRY O'BANION; CITY OF LOS BANOS; LOS BANOS POLICE OFFICERS GARY BRIZZEE and ANTHONY PARKER; CATHOLIC DIOCESE OF FRESNO; CONNIE McGHEE; McCLATCHY NEWSPAPERS; LOS BANOS ENTERPRISE; GENE LIEB; COREY PRIDE; and DOES 1 through 100, et al.,**<br><br>        Defendants.<br><br>**EUGENE FORTE**<br><br>        Plaintiff,<br><br>   v.<br><br>**TOMMY JONES, an individual, and DOES 1-100, et al.,**<br><br>        Defendants. | **1:11-cv-0318 AWI BAM**<br><br>**1:11-cv-0718 AWI BAM**<br><br><br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR ISSUANCE OF SUBPOENAS DUCES TECUM AND CONTINUING HEARING SCHEDULED FOR JULY 9, 2013, TO SEPTEMBER 3, 2013**<br><br><br>**Addresses:**<br><br>**Doc. # 86   (in Case # 11cv0718)**<br>**Doc. # 145 (in Case # 11cv0318)** |

1     On May 29, 2013, the court set a hearing for July 9, 2013, to address concerns
2  regarding the ability or willingness of Plaintiff to proceed in pro per in actions in cases
3  11cv0318 and 11cv0718.  On June 24, 2013, Plaintiff filed motions to continue the July 9
4  hearing and to be provided with a number of subpoenas duces tecum.  Based on the list of
5  individuals to whom the subpoenas are proposed to be issued, Plaintiff's apparent purpose is
6  to produce testimony from individuals who were either significant participants in the
7  misdemeanor criminal proceedings in Merced Superior Court that ended with dismissal of
8  charges based on the finding of Plaintiff's mental incompetency; or who are friends, family or
9  individuals who will testify in support of Plaintiff's mental competence.

10    The court will deny Plaintiff's requests for the issuance of subpoenas duces tecum.
11 The reasons are largely a repetition of statements that have been made previously, either
12 explicitly or by implication, regarding the court's purpose and standards for the determination
13 of the issue of Plaintiff's ability to proceed in pro per.  Briefly, the testimony of the proposed
14 witnesses sought by Plaintiff will not be allowed because their testimony is not, at present,
15 relevant to the court's determination.  It is not relevant, for purposes of determining
16 Plaintiff's competency, if the proceedings that produced the finding of incompetency in the
17 Superior Court were fair, unfair, prejudiced, based upon insufficient or inaccurate evidence,
18 or whether they produced an objectively accurate or inaccurate determination.  It is also not
19 relevant whether Plaintiff suffers from a delusional disorder or whether the conspiracy or
20 conspiracies he refers to is/are actual.  It is not relevant whether Plaintiff agrees or does not
21 agree with some, all or none of this court's prior determinations or the prior decisions of any
22 other court.  Also, and perhaps most importantly, the court is not concerned primarily with
23 the ability of Plaintiff to act as a *witness* in his own proceedings.  The concern of both the
24 individual who is proceeding in pro per and the court is primarily with the ability of the
25 individual acting as his own attorney to *elicit testimony from others* in a manner that
26 comports with the rules of due process, the requirements of order and decorum, and the
27 court's determination of what is and is not relevant.
28    The court will make its determination of Plaintiff's ability to continue in pro per

primarily by being in conversation with Plaintiff and with oppositions' counsels. To the extent Plaintiff is concerned that the court may rule adversely to him based upon any continuing use of invective or any evident disrespect of either the court or the opposing counsel at any future hearing or in any future pleading, Plaintiff's concern is well-founded, but only to the extent that such matters are relevant to any rulings by the court. To the extent Plaintiff is concerned with "making a record," Plaintiff is counseled that a simple statement of objection will suffice for that purpose.

While the court will deny Plaintiff's request for issuance of subpoenas duces tecum, the court finds that the hearing that was originally scheduled for July 9, 2013, is in conflict with a criminal trial due to commence the same day. Unfortunately, a series of subsequent trials requires that the court continue the hearing on Plaintiff's ability to proceed in pro per until Tuesday, September 3, 2013, at 1:30 p.m. The court will notify the parties should any earlier date become available.

THEREFORE, for the reasons discussed above it is hereby ORDERED that Plaintiff's motions for issuance of subpoenas duces tecum in Cases 11cv0318 and 11cv0718 are each hereby DENIED. The hearing currently scheduled to be held on July 9, 2013 is hereby CONTINUED to Tuesday, September 3, 2013, at 1:30 p.m. in Courtroom 2.

IT IS SO ORDERED.

Dated:   July 3, 2013

SENIOR DISTRICT JUDGE