# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUGENE E. FORTE,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**TOMMY JONES, an individual and DOES 1-100, inclusive,**<br><br>**Defendants.**<br><br>**EUGENE E. FORTE,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**COUNTY OF MERCED, ET AL.,**<br><br>**Defendants.** | 1:11 – CV – 00718  AWI  BAM<br><br>1:11 – CV – 00318  AWI  BAM<br><br><br><br>**RESPONSE TO PLAINTIFF'S "NOTICE OF INTENT TO REQUEST REDACTION AND LIST OF REDACTIONS AND CORRECTIONS TO SEPTEMBER 3, 2013 TRANSCRIPT"**<br><br>**Doc. # 112** |

   The court has received from plaintiff Eugene E. Forte ("Plaintiff") a document titled "Notice of Intent to Request Redaction and List of Redactions and Corrections to September 3, 2013 Transcript" (hereinafter, the "Request"). Doc. # 112 in Case No. 0718. The request refers to the court's transcript of a hearing regarding the ability of Plaintiff to continue representation of himself in both cases currently before the court and to lift the stay previously imposed in Case No. 11cv0318. Plaintiff's Request specifies fifteen instances where Plaintiff contends his

statements were misreported by the court's stenographic reporter and has supplied in each instance language that he contends reflects what he actually said during the hearing. While Plaintiff's Request is labeled a request for "redactions," it is evident from the text that what Plaintiff actually is seeking is correction of transcription errors. The court therefore deems Plaintiff's Request to be a motion for correction.

As an initial matter, the court observes that requests for correction of a court transcript is an area not familiar to the court. There has long been a recognition that mistakes in the recording of a proceeding can occur and that courts have the ability, if not the obligation, to make corrections. See Goodenough Horseshoe Mfg. Co. v. Rhode Island Horseshoe Co., 154 U.S. 635, 635 (1877) ("If parts of the record below are omitted in the transcript, we may by certiorari have the omissions supplied, but we cannot here correct errors which actually exist in the record as it stands in the state court. For that purpose, application must be made there . . . ."). The ability of a party to address alleged errors in a transcript of proceeding is provided by Rule 10 of the Federal Rules of Appellate Procedure. Pursuant to Rule 10(e)(2):

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> (A)  on the stipulation of the parties.
>
> (B)  by the district court before or after the recorded has been forwarded.

While the court is uncertain as to the materiality of the corrections Plaintiff wishes to make, the court does find that it has authority to make them to the extent that its review of the audiotape of the proceeding supports the proposed corrections. The court has reviewed Plaintiff's Request, and hereby authorizes the following corrections as requested by Plaintiff:

//

//

//

**AUTHORIZED TRANSCRIPT CORRECTIONS**

| Req. # | Pg./Ln. | FROM: | TO: |
|---|---|---|---|
| 1 | Title Line | "Motion to ~~Life~~ Stay of Proceedings" | Motion to **Lift** Stay of Proceedings |
| 2 | 7:16 | "This is ~~evident~~." | This is **evidence**. |
| 3 | 8:23-24 | "This ~~mystery~~ evaluation" | This **mental** evaluation. |
| 4 | 9:19-20 | "what's been brought outside my papers that I filed here" | **NO CHANGE AUTHORIZED** |
| 5 | 10:24-25 | "He thinks ~~he~~ should be . . . ." | He thinks **I** should be . . . . |
| 6 | 15:4 | "they see trials with Judge Terrence Duncan" | **NO CHANGE AUTHORIZED** |
| 7 | 16:8-9 | "What ~~of the~~ defendants in Merced County ~~do~~ at this hearing?" | What **are** the defendants in Merced County **doing** at this hearing? |
| 8 | 17:13-14 | ~~It's a rights~~ of comment, no, maybe." | **Derisive** comment, no, maybe. |
| 9 | 17:15-17 | "And anything before you say that, as a derisive comment or labeling, that's actually called a prior restriction of speech." | **NO CHANGE AUTHORIZED** |
| 10 | 18:1-2 | "I received judgment against the person that gave me the ____." | I **received** judgment against the person who **gave me death threats**. |
| 11 | 19:18 | "and you're ~~laying~~ these guys" | and you're **letting** these guys |
| 12 | 20:20-21 | "a ~~letter against~~ all inside of the documentations that's been filed" | **a letter, again**, all inside of the documentations that's been filed |
| 13 | 37:18-20 | "~~did go~~ ahead and grant the order saying . . ." | **didn't go ahead** and grant the order saying . . ." |
| 14 | 38:8-9 | "What evidence would you need to have more than a bogus mental evaluation ~~spurred~~ by declarations . . ." | What evidence would you need to have more than a bogus mental evaluation, **supported by declarations** . . ." |
| 15 | 40:5 | "But from ~~Weis' attorney~~" | But from **Licensed attorneys** |

The court hereby ORDERS that the foregoing authorized corrections be made to the transcript of hearing held on September 3, 2013, in cases 11cv0718 and 11cv0318 and that the

-3-

corrected transcripts be provided to the parties. To the extent Plaintiff may seek correction of those portions of the transcript where changes were not authorized, he may seek to reach a stipulated agreement with the opposing parties or may submit further evidence supporting a motion to make further corrections.

IT IS SO ORDERED.

Dated:   October 23, 2013

SENIOR DISTRICT JUDGE