UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. FORTE,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF MERCED, *et al.*,<br><br>    Defendant.<br>_____ / | Case No. 1:11-cv-00318-AWI-BAM<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER EXTENDING THE TIME FOR PLAINTIFF TO AMEND HIS COMPLAINT** |

## I. INTRODUCTION

Currently before the Court is Plaintiff Eugene E. Forte's Ex Parte Application For An Order Extending the Time For Plaintiff To Amend His Complaint. (Doc. 196.) Oppositions were filed on January 23, 2014 and January 27, 2014. (Doc. 199, 200.) Having carefully considered the parties' submissions and the entire record in this case, the Court DENIES Plaintiff's Ex Parte Application.

## II. BACKGROUND

Plaintiff filed his complaint in this matter on February 24, 2011. (Doc. 1.) After almost three years of filings too voluminous to recount here, this matter is still at the pleadings stage.

On November 4, 2013, the Court held an Initial Scheduling Conference. (Doc. 188.) Plaintiff expressed a desire to amend his complaint. Plaintiff stated he required a significant amount of time to prepare his motion to amend his complaint due to other litigation commitments and the holidays. Defendants argued that they would be prejudiced from further delay.  Accordingly, after weighing the

1

delay and prejudice to defendants with plaintiff's request, the Court granted plaintiff's request for an extended amount of time to file his motion to amend his complaint and provided Plaintiff with approximately three months to file the motion. Plaintiff's motion to amend is due to be filed on January 31, 2014.[1]  (Doc. 189.)

Plaintiff now seeks an extension of time to file his motion to amend to March 3, 2014. Plaintiff states he requires this time because he has been "inundated" with legal work in an effort to counter what he has described as "the run-away train wreck" that is the Merced Superior Court, and the "fraud upon the court" occurring in this Court.  (Doc. 196, 1: 20-16.) Specifically, Plaintiff alleges that, at the time the Order governing his anticipated motion to amend was entered, "it was not foreseen that he would need to be filing lengthy document seeking reconsideration the denial [sic] of plaintiff participating in ECF by Magistrate Sandra Snyder."  (Doc. 196, 1-2.)

### III.  DISCUSSION

Federal Rule of Civil Procedure 6(b), which provides for extensions of time in motion practice, provides that "when an act may or must be done within a specified time, the court may, for *good cause*, extend the time." (emphasis added); *see also, Gurvey v. Legend Films, Inc.,* 2012 WL 4061773 (S.D. Cal. 2012) ("Ex parte applications for extensions of time are proper only if the prescribed time period has not yet expired and if the party can show good cause.")

The Court denies Plaintiff's ex parte application for two reasons. First, Plaintiff has not shown good cause. Plaintiff has apparently involved himself in a number of cases, and in the process, has made choices to allocate time and energy to certain matters over others. Plaintiff's choice to file "lengthy" motions, status reports and updates in this or other matters does not absolve him of his responsibility to comply with the deadlines imposed by this Court. This Court has already provided Plaintiff with an exceptional lengthy amount of time to file this motion to amend.

Second, granting the request is prejudicial to Defendants. As mentioned above, this case has

---

[1] The Court reminds Plaintiff that the Order entered on November 5, 2013 does not give him permission to file an amended complaint. (Doc. 189.) Rather, the November 5, 2013 Order provides the briefing schedule for Plaintiff to file a motion seeking leave of the Court to file an amended complaint. Plaintiff is also reminded that a motion to amend his complaint, should he chose to file one, is required to attach the proposed amended complaint as an exhibit.

been pending for almost three years and is still at the pleadings stage. Plaintiff has sued a plethora of individuals, government entities and public officials, and these Defendants have the right to as expedient a resolution of Plaintiff's claims as practical.  At the November 4, 2013 scheduling conference, defendants made legitimate and compelling arguments that they would be prejudiced by further delay in moving this case forward.  Indeed, the Court was informed that the proposed amendment may bring in, again, dismissed parties and may name counsel of record as defendants.  At the November 4 hearing, the Court balanced the Plaintiff's need to seek leave to amend with the prejudice to the defendants.  In accommodating plaintiff, the Court stretched the bounds of what it felt was an adequate time to prepare Plaintiff's motion.  Any further delay is entirely unreasonable and prejudicial.  Plaintiff has not articulated any good cause to overcome the prejudice to Defendants as this case lingers in the pleadings stage.

### IV.  CONCLUSION

Based on the foregoing, Plaintiff's Ex Parte Application for an Order Extending the Time for Plaintiff to Amend His Complaint (Doc. 196) is DENIED.  Plaintiff shall file his motion for leave to amend the complaint by January 31, 2014.

IT IS SO ORDERED.

Dated: **January 28, 2014**         /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE