1
2
3
4
5
6            UNITED STATES DISTRICT COURT
7        FOR THE EASTERN DISTRICT OF CALIFORNIA
8

EUGENE E. FORTE,                          Case No. 1:11-cv-00318-AWI-BAM

            Plaintiff,                    **ORDER DENYING PLAINTIFF'S
                                          REQUEST TO AMEND OR
        v.                                SUPPLEMENT HIS COMPLAINT**

COUNTY OF MERCED, *et al.*,

            Defendant.

_____/

## I.      INTRODUCTION

        The Court held a scheduling conference on April 29, 2014.  During the scheduling conference,

Plaintiff expressed his desire to amend or supplement his complaint.  Previously, on November 5,

2013, this Court issued a scheduling order which set a deadline of January 31, 2014 for plaintiff to file

a motion to amend.  Plaintiff did not meet that deadline and now asks for permission to amend.

Plaintiff seeks to amend or supplement the complaint to add purported new claims related to his

former criminal defense attorney and actions by other County of Merced persons who plaintiff

contends are involved in an overall conspiracy.  For the reasons that follow, this Court DENIES

Plaintiff's request to amend or supplement his complaint.

///

///

///

1

## II.     DISCUSSION

### A.     Plaintiff's Request to Amend His Complaint

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). However, because a pretrial scheduling order has been filed in this action regarding leave to amend, resolution of this motion to amend is governed by Rule 16 of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607–08 (9th Cir. 1992); *see also,* Doc. 189, Order Setting Briefing Schedule on Plaintiff's Motion to Amend First Amended Complaint. "Once the district court filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 ... that rule's standards controlled." *Id.* Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4).

At the November 4, 2013 scheduling conference, this Court set a briefing schedule for Plaintiff's anticipated motion for leave to file an amended complaint.  (Doc. 188.)  The Court set the date at the request of Plaintiff and refrained from setting further dates.  Therefore, the Court considers the present motion under the Rule 16 standard for amendment and secondarily under the standard of Rule 15(a). *See Jackson v. Laureate, Inc*., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

The district court is given broad discretion under Rule 16. *Id.* at 607. While amendment of pleadings is liberally granted under Federal Rule of Civil Procedure 15(a), a movant must demonstrate "good cause" to justify amendment under Federal Rule of Civil Procedure 16(b). *Johnson,* 975 F.2d at 606–07. The "good cause" standard "focuses on the diligence of the party seeking amendment." *Id.* at 607 (citing *Johnson,* 975 F.2d at 609). The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson,* 975 F.2d at 609 (internal quotation marks omitted). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir.2002) (internal quotation marks omitted). In addition to a lack of diligence, "prejudice to the party opposing the modification" may supply additional reasons to deny modification. *Johnson*, 975 F.2d 609.

In order to demonstrate diligence, plaintiff must show whether he collaborated with the court in setting a schedule; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent. *Id.* at 608 (citations omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609.

Plaintiff has not shown good cause to amend his complaint.  During the November 4, 2013 scheduling conference, Plaintiff expressed his desire to add numerous, unspecified claims and parties to this action.  The Court accommodated Plaintiff, and afforded Plaintiff three months to seek amendment to his complaint.  Nine days before Plaintiff's deadline to seek amendment to his complaint, Plaintiff filed an ex parte application to extend the deadline to seek amendment. (Doc. 196.)  Plaintiff's request was made on the grounds that "Plaintiff has been inundated with related legal work countering what plaintiff would call the run-away train wreck in the Merced Superior Court;" "it was not foreseen that [Plaintiff] would need to be filing [a] lengthy document seeking reconsideration [of] the denial of plaintiff participating in ECF by Magistrate Sandra Snyder [ in a different case];" and that it was important for Plaintiff to consider the recent resignation of his prior court appointed counsel in his amendments.  (Doc. 196.)  The Court denied Plaintiff's ex parte application, noting that "Plaintiff has apparently involved himself in a number of cases, and in the process, has made choices to allocate time and energy to certain matters over others. Plaintiff's choice to file 'lengthy' motions, status reports and updates in this or other matters does not absolve him of his responsibility to comply with the deadlines imposed by this Court."  (Doc. 201.) The Court also explained that the request is prejudicial to Defendants.  *Id.*

During the April 29, 2014 scheduling conference, Plaintiff argued he was unaware of certain facts relating to his previous court appointed counsel, in his criminal case, and that he could not have sought amendment prior to the January 31, 2013 deadline.  The Court is not persuaded that this presents good cause. In November 2013, Plaintiff initially requested to seek amendment so he could add new defendants and claims. Plaintiff was given broad leeway to bring a motion to amend, yet did not do so.  The facts Plaintiff refers to took place weeks before the deadline to amend.  (See Doc. 196.)

Regardless, Plaintiff's proposed amendment, alleging an overarching conspiracy with unnamed defendants and involving Plaintiff's former criminal defense attorney, are tangential to the discrete issues set in the pleadings.  Here, the remaining defendants law enforcement officers and are alleged to have engaged in unlawful arrest and excessive force.  As proposed by Plaintiff, he seeks to add a grand conspiracy theory, possibly involving the entirety of Merced County officials, former counsel, defense counsel and many others, none of which is at issue in this case.[1]  Thus, the Court rejects plaintiff's position that new facts arose since the motion to amend deadline, justifying delayed presentation of the facts at issue in this case.

Plaintiff also is not entitled to amendment under Rule 15(a). According to Fed. R. Civ. P. 15(a), leave to amend should be given freely when justice so requires. There is a presumption in favor of granting leave to amend under Rule 15(a). *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  However, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999)).

The Court finds that amendment would produce an undue delay in this litigation that unfairly prejudices Defendants.  As the Court previously stated, "defendants [have] made legitimate and compelling arguments that they would be prejudiced by further delay in moving this case forward. . . . Any further delay is entirely unreasonable and prejudicial." (Doc. 201.)  This case has been hard fought, and the case has just completed the pleading stage.  Through extended briefing and various procedural delays, the pleadings are now set.  Indeed, as explained above, Plaintiff proposes an amendment unrelated to the specific, discrete claims before the Court.  Here, the claims are unlawful arrest and excessive force.  As explained by Plaintiff at the April 29, 2014 hearing, the proposed new claims, if permitted, would violate Rule 18.  Rule 18 provides:  A party asserting a claim for relief may, as a matter of pleading, join as many claims as he or she has against an opposing party.  Plaintiff does not seek to add claims against the existing, opposing parties.  He seeks to add entirely different and new claims with new defendants and rejoin previously dismissed defendants.

---

[1] The Court acknowledges that Plaintiff believes  all facts, events, and claims are interrelated and inseparable.

The Court also finds that Plaintiff has not been diligent is seeking amendment. Discussed above, despite three months to do so, Plaintiff never sought amendment to his complaint.  Rather, Plaintiff has made the choice to file lengthy status reports, declarations and other papers in this and other matters that are neither requested nor helpful.

**B.      Plaintiff's Request to File a Supplemental Complaint**

A supplemental complaint, which is different than an amended complaint, adds allegations to the complaint concerning events occurring after the original complaint was filed. Fed. R. Civ. P. 15(d). Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id.* A party may only file a supplemental complaint with leave of court. *Id.* When considering whether to allow a supplemental complaint, the Court considers factors such as whether allowing supplementation would serve the interests of judicial economy; the relatedness of the original and supplemental complaints; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile. *See San Luis & Delta–Mendota Water Authority v. United States Department of the Interior,* 236 F.R.D. 491, 497 (E.D.Cal. 2006) (citing *Keith v. Volpe*, 858 F.2d 467 (9th Cir.1988*), Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), and *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400 (9th Cir. 1997)).

This Court denies Plaintiff's request to supplement his complaint.  For the same reasons above, supplementation would cause delay and unfairly prejudice Defendants.  Plaintiff requests that this matter be postponed until various other proceedings are resolved. Indeed, Plaintiff has sought to continue virtually every deadline imposed by this Court.  (Doc. 49, 87, 145, 189, 191, 212.)  Such uncertainty and delay cause inherent prejudice.  Additionally, Plaintiff's proposed supplements are not related to Plaintiff's complaint.  Plaintiff seeks to add claims and parties concerning incidents that have taken place since January of 2014. However, the claims at issue in Plaintiff's complaint concern a series of arrests that took place four to five years ago.  Simply put, Plaintiff's §1983 claims against individuals involved in arrests dating back five years do not relate to actions taken by different individuals in the last three months.  Permitting Plaintiff to supplement his complaint would confuse

the relevant issues in this case and require the Court and the parties to litigate different claims stemming from a different set of facts.  Thus, supplementation does not serve judicial economy.  If Plaintiff wishes to challenge the actions taken against him in the last three months, Plaintiff is free to do so in a separate action.

### III.    CONCLUSION

For all the foregoing reasons, Plaintiff's request to amend, or in the alternative, supplement his complaint, is DENIED.

IT IS SO ORDERED.

Dated:   **April 30, 2014**                          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE