1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE E. FORTE,

         Plaintiff,

   v.

COUNTY OF MERCED, *et al.*,

         Defendant.

_____/

Case No. 1:11-cv-00318-AWI-BAM

**ORDER STRIKING PLAINTIFF'S STATEMENT OF SCHEDULING CONFERENCE (DOC. 219) PURSUANT TO FED. R. CIV. P. 11(b) and 12(f)**

On April 28, 2014, Plaintiff Eugene Forte filed a document entitled Statement of Scheduling Conference Statement.  (Doc. 219.)  This filing is permeated with offensive commentary. Document 219 is HEREBY STRICKEN pursuant to Fed. R. Civ. P. 11(b) and 12(f).

    Federal Rule of Civil Procedure 11(b) forbids a party from submitting a pleading, motion or other paper for "any improper purpose, such as to harass."  Similarly, Fed. R. Civ. P. 12(f) permits the Court, on its own motion, to strike from a pleading any scandalous matter.

    The Court will not repeat the many vulgar comments contained in the filing.  Over the last three years, Mr. Forte's briefing style has evolved from one that distills relevant factual and legal arguments, and excludes ad hominem attacks, to one that rarely considers the merits of a given issue,

1

and instead uses every briefing opportunity to substitute insulting behavior for legal argument.[1]  Such tactics will no longer be tolerated.

Plaintiff is ADMONISHED that continued use of vulgar and abrasive language will result, at a minimum, in those documents being stricken, and may result in sanctions up to and including dismissal of this action with prejudice.  *See, Adams v. Nankervis,* 902 F.2d 1578 (9th Cir. 1990) ("Although dismissal was a drastic sanction, it was clearly appropriate . . . . [N]o court need tolerate the use of obscene, indecent, and scandalous pleadings") (citing, *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121 (2d Cir.1988); *See also, Sokolsky v. Rostron,* 2009 WL 2705881 (E.D. Cal. 2009) ("plaintiff engages in name-calling and hyperbole, which the court does not tolerate"); *Alvarado Morales v. Digital Equipment Corporation*, 669 F.Supp. 1173, 1187 (D.Puerto Rico 1987) ("The federal courts do not provide a forum for mudslinging, name calling and 'privileged' defamation."); *Talbot v. Robert Matthews Distributing Co*., 961 F.2d 654, 664–65 (7th Cir.1992) (scandalous portion of pleading may be stricken).

Document 219 is STRICKEN.

IT IS SO ORDERED.

Dated:   __**April 30, 2014**__                    ___/s/ *Barbara A. McAuliffe*___
                                                         UNITED STATES MAGISTRATE JUDGE

---

[1] *Compare,* Doc. 50 (Mr. Forte's Motion to Continue the Hearings on Defendants' Motions to Dismiss cite relevant legal principles, focus on the relevant facts, and otherwise demonstrate Mr. Forte is more than capable of conducting himself in an appropriate manner), *with* Doc. 219 and 220 (Mr. Forte completely omits legal or factual argument, meanders between the insulting and the irrelevant, and refers to the judges of this Court as "whores," "babes," and "baboons."