UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. FORTE,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF MERCED, *et al.*,<br><br>    Defendants.<br>_____/ | Case No. 1:11-cv-00318-AWI-BAM<br><br>**ORDER RE REQUESTS FOR**<br>**SUBPOENAS PURSUANT TO RULE 45** |

      On August 21, 2014, plaintiff, proceeding pro se, requested the Clerk of this Court issue numerous subpoenas. Three subpoenas were provided to plaintiff; plaintiff requested fifteen. Any further requests for subpoenas must be submitted to the Court in writing.

      Federal Rule of Civil Procedure 26(b) provides for the scope of discovery as follows: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... and appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." *Id.* Under Rule 26(b)(2)(C) the court, on motion or on its own, must limit the frequency or extent of discovery if it determines any of the following: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely

1

benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C).

The Court is vested with broad discretion to manage discovery. *Dichter-Mad Family Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013), *cert. denied*, 134 S.Ct. 117; *Hunt*, 672 F.3d at 616; *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order. Fed. R. Civ. P. 26(c).

Further, pursuant to Rule 45(d), the Court has the obligation to take reasonable steps to avoid imposing undue burden or expense on a nonparty. The Court is required to ensure that the party serving the subpoena takes reasonable steps to avoiding imposing an undue burden or expense on the third party subject to the subpoena. Fed. R. Civ. P. 45(d)(1). District courts have broad discretion to determine whether a subpoena is unduly burdensome. *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir.1994). For instance, a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of the litigation. *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813–14 (9th Cir.2003) (district court did not abuse its discretion by quashing overbroad subpoena it found was "served for the purpose of annoying and harassment and not really for the purpose of getting information.").

In addition, advance notice to the parties is required. All parties to the action must be served and be given reasonable notice of the subpoena well in advance of the production date or deposition date. See Fed.R. Civ. P. 45(a)(4), (b)(1).

Moreover, subpoenas require personal service, and a non-party is under no legal obligation to respond to a subpoena received in the mail. Fed. R. Civ. P. 45(b)(1); *Prescott v. Cnty. of Stanislaus*, No. 1:10-cv-00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012) ("[T]he longstanding

interpretation of Rule 45 has been that personal service of subpoenas is required.") (internal quotation marks and citation omitted); *accord Alexander v. California Dep't of Corr. & Rehab.*, 2:08-cv-2773 MCE KJN P, 2011 WL 1047647, at *6-7 (E. D. Cal. Mar. 18, 2011). Plaintiff is advised he must comply with Rule 45 which requires nonparty witnesses to be personally served with subpoenas that are accompanied by money orders for witness fees and if applicable, travel expenses. Fed R. Civ. P 45(b)(1); 28 U.S.C. § 1821.

Plaintiff is further advised that he may be required to pay for compliance with document requests. The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *See e.g., Frazier v. Redding Police Dept,* 2012 WL 5868573, *9 (E.D. Cal. 2012); *see also*, *United States v. Columbia Broadcasting Sys., Inc.*, 666 F.2d 364 (9th Cir.1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Badman*, 139 F.R.D. at 605.

As plaintiff has been provided with three subpoenas, any further requests for subpoenas must be submitted to the Court in writing. Plaintiff's request for each additional subpoena must identify who is the subject of the subpoena, describe what documents/information is sought, whether testimony or documents or both are sought, and provide a brief statement of how the information sought is relevant to the case. If documents are requested, the request must designate and specify, with some reasonable degree of certainty and particularity, the documents sought to be produced.

IT IS SO ORDERED.

Dated: **August 22, 2014**         /s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE