UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUGENE E. FORTE,** | **CASE NO. 1:11-CV- 0318  AWI BAM** |
| Plaintiff | **INFORMATIONAL ORDER ON PLAINTIFF'S REQUEST FOR INVESTIGATION AND ORDER ON MOTION TO STAY PROCEEDINGS** |
| v. | |
| **COUNTY OF MERCED, et al.,** | |
| Defendants. | Doc. #'s 265 & 269 |

**I. Informational Order on Request for Investigation**

On September 23, 2014, Magistrate Judge McAuliffe issued an order that: (1) granted the motion of defendants County of Merced, et al. to compel, (2) denied Defendants' motion to dismiss without prejudice, (3) denied the motion of plaintiff Eugene Forte ("Plaintiff") for judicial notice and (4) stayed discovery pending Plaintiff's production of a supplemental Rule 26 disclosure which was ordered to be filed and served not later than October 14, 2014.  On October 8, 2014, Plaintiff filed a document titled "Amended Request for Investigation by Senior Judge Anthony Ishii of Overt Prejudice by Magistrate Judge McAuliffe" (the "Motion to Investigate").

This is to inform Plaintiff that complaints about judicial conduct are governed by federal statute and that District courts are without authority to deviate from the prescribed procedure.  See Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364.  Under this act, any complaint regarding the conduct of a district judge or magistrate judge is to be filed with the clerk of the court of appeals for the circuit in which the district court is located.  28 U.S.C. § 351(a).  Each judicial circuit has developed rules and procedures for the filing of complaints concerning judicial

conduct. To access information regarding the procedure to be followed in this circuit, Plaintiff is directed to:

http://uscourts.gov/RulesAndPolicies/ConductAndDisability/JudicialConductDisability.aspx

Follow the lead to the Ninth Circuit for applicable rules and procedures.

Plaintiff is cautioned that the rules and procedures required by this circuit require that a complainant acknowledge that he/she realizes that any order issued by the judge being complained of remains in full force and effect regardless of the outcome of the complaint. In short, this procedure may not be used to circumvent or reverse an order or admonition of the court. To the extent that Plaintiff may have intended by his Motion to Investigate to request reconsideration of the Magistrate Judge's order of September 23, 2014, any such request is DENIED.

**II. Order on Motion to Stay Proceedings**

On October 23, 2014, Plaintiff filed a motion to stay proceedings, Docket Number 269 (the "Motion to Stay"). Plaintiff's purpose behind filing the motion to stay is to provide Plaintiff "adequate time to prepare and file a supplemental pleading to manifest injustice." Doc. # 269 at 1:26-27. The purpose of the proposed "supplemental pleading" is to reinstate claims against erstwhile defendants that were long ago dismissed with prejudice from this action. Specifically, Plaintiff seeks to "supplement" the complaint to allege essentially the same claims that were previously dismissed on prior Defendants Morse, Turner, Fincher and others that Plaintiff alleges were behind the "fraud on the court" that resulted in the dismissal of the criminal charges that had been pending against Plaintiff in Merced County Superior Court. Despite repeated denials of similar motions in the past – most recently in the Magistrate Judge's order of September 23 – and despite repeated explanations of why the claims Plaintiff seeks to supplement are not cognizable in this court; Plaintiff persists.

The court's prior rejection of Plaintiff's claims against those he feels were responsible for the dismissal of his criminal claims in Superior Court is based on two legal principles that have not changed since the claims were originally dismissed. First, federal district courts have no authority to supervise, control, or correct the legal or factual errors of state superior courts. To the extent a litigant may seek relief from what he or she perceives to be a faulty, fraudulent, unlawful

or otherwise wrongful superior court decision, relief is available only from the state appellate court except for one very limited circumstance.  Federal district courts can provide relief from proceedings in state courts if, and only if, the state court proceedings resulted in violations of either the United States Constitution or a federal statute.  <u>See</u> 42 U.S. § 1983.  This concept of "federalism" was adequately explained to Plaintiff in the court's order of March 25, 2013, Docket Number 118, and need not be repeated here.  Second, Plaintiff has never articulated the infringement of a constitutional or statutory federal right arising from the dismissal of the criminal claims against him in the Superior Court.  Plaintiff's current Motion to Stay "to supplement his pleading" is no exception.

        Plaintiff's major contention with regard to the proceedings in the Merced Superior Court is that the previously dismissed Defendants conspired to commit fraud on the court by implementing a scheme to use incompetent or "jury-rigged" testimony to persuade the Superior Court to dismiss the criminal charges against Plaintiff based on a false finding that Plaintiff was not competent to defend himself in a criminal proceeding pursuant to Cal. Pen. Code § 1370.2.  The court has previously explained that a defendant in a criminal case has no constitutional right to the continuation of a prosecution against him.  In the court's order of January 31, 2014, the court made clear that, for purposes of the Constitution or federal statute, there is no requirement that a criminal prosecution, once instituted, be continued to and through trial.  <u>See</u> Doc. # 202 at 4-5.  In the same order, the court also explained the limitations and narrowness of the Superior Court's ruling that Plaintiff was incompetent to stand trial as a *defendant in a criminal matter* and further explained that this determination, like the discontinuance of his criminal prosecution, does not raise any issue harm under the Constitution or under federal statute.  <u>Id.</u>.  The court has previously explained, and now reiterates, that of all the harms that Plaintiff has alleged, the ones that are cognizable in this court are current claims under the Fourth Amendment for arrest without probable cause and unreasonable seizure.

        From the content of Plaintiff's current Motion to Stay and from the content of prior similar motions, it appears to the court that Plaintiff is of the opinion that it is not so important what injury was suffered, but rather how the injury came to be inflicted.  Thus, in the present motion, it seems

as though Plaintiff believes he can revive the previously dismissed claims against the previously dismissed Defendants by alleging facts to show that the proceedings in the Superior Court that resulted in the termination of the criminal cases against him and the finding of Plaintiff's incapacity to stand trial were a result of "fraud on the court." This is not the case. Plaintiff has previously accused this court of being uncaring about the malfeasance of the actors involved with his criminal cases and the fraud that was perpetrated by them in achieving the declaration of his incompetence to stand trial. The court has previously informed Plaintiff, and now does so again, that this court cannot address Plaintiff's claims arising from the dismissal of the criminal cases against him in Superior Court because this court lacks the jurisdiction to do so. Whether this court is in agreement with, or utterly outraged by, the decisions of the Superior Court makes no difference at all. This court cannot go where its jurisdictional powers do not exist.

Because further supplementation or amendment of Plaintiff's First Amended Complaint to add the claims and the defendants that Plaintiff has specified in his Motion to Stay is futile for the reasons discussed above, the court will deny the motion.

THEREFORE, for the reasons discussed above Plaintiff's Motion to Stay is hereby DENIED. The Magistrate Judge's order of September 23, 2014, remains in full force and effect.

IT IS SO ORDERED.

Dated:   October 28, 2014                              _____
                                                                          SENIOR DISTRICT JUDGE