UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. FORTE,<br><br>  Plaintiff<br><br>  v.<br><br>COUNTY OF MERCED, et al.,<br><br>  Defendants. | CASE NO. 1:11-cv-0318  AWI BAM<br><br>**ORDER DENYING EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE SUPPLEMENTAL OBJECTIONS and RESPONSE TO APPLICATION AT DOCUMENT # 330**<br><br>Doc. #'s 327 and 330 |

Currently before the court is Plaintiff's *ex-parte* "Application for Extension of Time for Plaintiff to Supplement Plaintiff's Objections (Doc. # 322) to Magistrate Judge Barbara McAuliffe's Findings and Recommendations Recommending Dismissal for Bad Faith Conduct (Doc. #300)" (hereinafter, Plaintiff's "Application"). Plaintiff submitted his original opposition to the Magistrate Judges Findings and Recommendations ("F&R's") on April 16, 2015. Plaintiff contends, inter alia, that he was denied the opportunity to respond to the Magistrate Judge's admonishment contained in an order dated April 9, 2015, Doc. # 319, which pertained to a filing by Plaintiff at Docket Number 318. The Magistrate Judge's order of April 9, ordered Plaintiff's filing at Doc. # 318 stricken for improper argument on the Docket Report (the "April 9 Order").

Docket Number 318 was captioned:

REQUEST for JUDGE ISHII TO OBTAIN PROOF FROM COURT REPORTER GAIL THOMAS THAT PLAINTIFF GAVE THOMAS A "BAD CHECK" FOR COURT TRANSCRIPTS AS STATED BY THOMAS IN HER EMAIL OF 4/07/2015 AND PROVIDE SUCH EVIDENCE TO PLAINTIFF IMMEDIATELY. IF PROOF CANNOT BE PROVIDED, PLAINTIFF REQUESTS THAT THE COURT ACKNOWLEDGE THAT THOMAS HAS MADE AN INTENTIONAL MATERIAL FALSE STATEMENT TO MALIGN PLAINTIFF SO THAT PLAINTIFF MAY ARGUE SUCH IN HIS OBJECTIONS

TO MAGISTRATE MCAULIFFE'S F & R (DOC. #300) RECOMMENDING DISMISSAL OF THE COMPLAINT DUE IN PART TO PLAINTIFF'S ALLEGED BAD TREATMENT OF COURT STAFF (WHICH PLAINTIFF HAS NEVER DONE, JUST AS HE HAS NEVER ISSUED A BAD CHECK TO THOMAS). PLAINTIFF REQUESTS THE INFORMATION FROM THE COURT TO ESTABLISH THAT THE E.D. CLERKS AND COURT STAFF ARE PREJUDICED AGAINST PLAINTIFFS INTERESTS TO THE POINT OF FALSELY ACCUSING HIM OF CRIMINAL CONDUCT (VIOLATION OF PENAL CODE 476 (a) WHICH IS A WOBBLER FELONY OR MISDEMEANOR) WHEN THERE WAS NONE, TO TAUNT, PROVOKE AND HUMILIATE PLAINTIFF WITH THE KNOWLEDGE AND/OR DIRECTION, AND/OR RATIFICATION OF JUDGE ISHII AND MAGISTRATE MCAULIFFE.

The Magistrate Judge's April 9 order opined that Plaintiff's choice of title language was "argument, improper and abusive." Doc. # 319 at 1:21. Plaintiff's filing was stricken. Plaintiff was given leave to amend and advised that any future filings by Plaintiff "must be filed in motion format." Doc. # 319 at 2:6-7.

So far as the court can discern, Plaintiff's Application requests a continuance of time to allow plaintiff to argue two "new" issues. First, Plaintiff seeks to argue the "baseless" nature of The Magistrate Judge's admonition and to counter what Plaintiff anticipates will be the court's use of the April 9 Order against him. Second, Plaintiff seeks to elaborate on his theory that the transcriptionist's communication with Plaintiff requiring a cashier's check in payment for a request for transcripts because a prior check had been returned for insufficient funds evinces the biased attitude and conspiratorial aims of the court and its personnel against him. Plaintiff also requests that Defendants be ordered to delay their responses to Plaintiff's opposition in order to comment on the added material Plaintiff seeks to append to his opposition. Beyond that, Plaintiff's Application restates some of the major themes already presented in his opposition to the F&R's.

To some extent, events have overtaken Plaintiff's Application insofar as Defendants filed their responses to Plaintiff's opposition (a filing which Plaintiff's Application sought to delay until after his supplement was filed) two days after Plaintiff's Application was filed. Further, Plaintiff filed his "reply" to Defendants' responses to his opposition on May 4, 2015, thereby completing the usually-accepted briefing regarding most motions. Plaintiff's Application, if granted, would result in a substantial delay in proceedings. For the reasons that follow, the court finds further

delay is neither warranted nor necessary.

On March 16, 2015, the court granted Plaintiff's second request for extension of time to file an opposition. That order extended the date for submission of Plaintiff's opposition to April 16, 2015, and of Defendants' response to April 30, 2015. The Docket Report indicates both documents were filed by the dates set by the court. Plaintiff has made his position perfectly clear with regard to the April 9 Order and with regard to his perceptions regarding the court's biases in his Application. While Plaintiff may be of the opinion that the themes he raises in his Application require further elaboration, they do not. The court finds that it is sufficient for Plaintiff's purpose that the court deem Plaintiff's Application to be the supplemental memorandum in support of his opposition to the F&R's that he seeks to file. The court will so consider it. In accepting Plaintiff's Application as the supplement and in denying leave to further amend or supplement his opposition, the court reaches no conclusions regarding the merits of Plaintiff's contentions. Plaintiff's contentions expressed in his Application and the facts alleged in support thereof are now before the court and, to the extent Plaintiff may later wish to challenge the court's future ruling on the Magistrate Judge's F&R's, the issues are adequately preserved for appeal.

At Document # 330, Plaintiff questioned the caption that appeared on the response of Defendants Hill, et al., which indicated a hearing date of June 8, 2014. Plaintiff's Document Number 330 requests that the court disclose what proceeding is scheduled in this case on June 8, 2015, at 1:30 p.m. The answer is nothing pertaining to this action is scheduled. Defendants Hill, et al. explained in a document filed at Docket Number 331 that they had placed a hearing date on their response to Plaintiff's opposition in error. The court has no reason to doubt Defendant's explanation.

THEREFORE, for the reasons discussed above, Plaintiff's Application, Docket Number 327, is hereby DEEMED by the court to be Plaintiff's Supplement to his Objections to the Magistrate Judge's F&R's. Plaintiff's Application is otherwise DENIED in its entirety. The court further ORDERS that the matters presented by the Magistrate Judge's F&R's, Document Number 300 have been thoroughly briefed by the Parties and the matter is hereby TAKEN UNDER

1  SUBMISSION as of the date of service of this order.  The court hereby EXTENDS the STAY of
2  proceedings in this case until such time as it will issue its orders on the Magistrate Judge's F&R's.

IT IS SO ORDERED.

Dated:  May 7, 2015

SENIOR DISTRICT JUDGE