**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EUGENE E. FORTE,**<br><br>　　　　Plaintiff<br><br>　　v.<br><br>**COUNTY OF MERCED, et al.,**<br><br>　　　　Defendants. | **CASE NO. 1:11-cv-00318-AWI-BAM**<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION AND CORRECTION AND ORDER ON OBJECTIONS TO BILL OF COSTS**<br><br>**(Docs.  379 and 347)** |

On September 29, 2015, the court issued an order denying without prejudice the motion of Defendants County of Merced, et al. ("Defendants") for injunctive relief to prevent plaintiff Eugene E. Forte ("Plaintiff") from re-alleging Claims that have been previously ruled meritless by this court or against parties that have previously been dismissed with prejudice.  Doc. # 376 (the "September 29 Order").  Currently before the court is Plaintiff's "*Ex Parte* Application requesting Clarification and Correction of Inaccurate Facts Contained in Court's Order (Doc. # 376) [. . .] And Repeated Request for Ruling on Motion for Costs by Defendant-Appellees. . . . ."  Doc. # 379 (Plaintiff's "Motion").[1]

On June 8, 2015, the court ordered entry of judgment against Plaintiff following adoption of the Magistrate Judge's Finding of Facts and Conclusions of Law regarding Defendants' motion for application of terminating sanctions.  Doc. # 344.  On June 17, 2015, the attorney for individual Defendant Anthony Parker submitted a bill of costs pursuant to Local Rule 54-292.

---

[1]   The docket entry at number 379 is titled as an amended version of the entry at 378.  The relief requested in both docket entries is the same.

Doc. # 345. On June 22, 2015, Roger Matzkind, attorney for Defendant County of Merced and individual Defendants Hill, Jaskowiac, Leuchner and Picinich submitted bill of costs. Doc. # 346. Plaintiff filed objections to the bills of cost on June 23, 2015. Doc. # 347. Plaintiff's Motion also requests that the court make its decision on Plaintiff's objection to Defendants' bills of cost. The court will address in order Plaintiff's request for clarification/correction and Plaintiff's request for decision on Defendants' bill of cost.

**I. Plaintiff's Request for Clarification/ Correction**

Since the court denied *Defendants'* motion for injunctive relief, Plaintiff has no complaint about the actual order denying injunctive relief; his objections are aimed at the court's reasoning. Plaintiff's opposition to Defendants' motion for injunction, Docket Number 365, is primarily substantive; that is, Plaintiff's opposition disputes Defendants' characterizations of Plaintiff as a vexatious litigant who has been using both state and federal courts to harass Defendants by filing repetitive and meritless claims against them. The court did not refer to any of the arguments presented in Plaintiff's opposition and the first point of clarification Plaintiff seeks is whether the court considered his arguments at all. The answer to this question is that the court did read Plaintiff's opposition but chose to base its denial of Defendants' motion on concerns that a grant of the requested injunctive relief would likely interfere with proceedings currently underway in a different case under a different Judge. The court purposely chose to avoid a decision on the merits of Defendants' allegations until such time as a decision by this court will not be likely to interfere with ongoing proceedings in another courtroom.

Next, Plaintiff objects to the court's characterization of Defendants' motion for injunction as being "well reasoned and well supported by both law and fact." Doc. # 376 at 1:21. Plaintiff also objects to the court's characterization of his current action in case # 15cv0147 as alleging claims against individuals who were previously "dismissed with prejudice from this case and based on facts that were found by this court to fail to state claims upon which relief could be granted." Id. at

19-20. Plaintiff seeks the court's correction of these characterizations based on Plaintiff's contention that his complaint in case 15cv0147 alleges claims against both new and old defendants based on conduct that occurred after the action in case number 11cv0318 had been filed. The court has reviewed its statements and has briefly reviewed Plaintiff's complaint in case number 15cv0147. The court declines to make any corrections or alterations to its September 29 Order. Plaintiff's concern that the court's comments, if left uncorrected, would be prejudicial to the appeal currently before the Ninth Circuit Court of Appeals is unfounded. As Plaintiff has been admonished by the appellate court, the only information that can be considered on appeal is the information that had been placed before this court at the time judgment was entered. This court's opinions or observations on Plaintiff's most recent action in this case made in its September 29 Order are completely irrelevant to Plaintiff's appeal.

Plaintiff's *ex parte* request for clarification and/or correction of the court's September 29 Order will be denied.

**II. Order on Plaintiff's Objections to Defendants' Bills of Cost**

The bill of cost submitted by Rayma Church, attorney for Defendant Parker, totaled $1,265. The entire bill of cost consists of a single entry in the category of "fees for witnesses." The supporting documentation and the Declaration of Rayma Church, Doc. # 345 makes it clear that the actual expenses were for the "exemplification and copies of papers necessarily obtained for use in this case." The documents exemplified and copied were records of fees for medically related services rendered by various medical providers that were identified by Plaintiff through his answers to interrogatories as representing medical expenses arising out of Defendants' conduct. The bill of costs submitted by Roger Matzkind, attorney for Defendants County of Merced and the aforementioned individual Defendants, totaled $1,467.39. As was the case with the Church Declaration, Matzkind's Declaration makes it clear that the sole cost being taxed is fees for the exemplification and copying of records by various medical providers for various medically-related services necessitated by Defendants' conduct.

Fees for the exemplification and copying of documents is authorized by Local Rule 54-292(f)(5); 28 U.S.C. § 1920(4).  Since damages are an element of the claims Plaintiff alleged against Defendants, the recovery, exemplification and copying of documents that do, or do not, support Plaintiff's damage claims are a necessary part of preparation for trial.  Absent any compelling reason to the contrary, the court finds that Defendants are entitled to the costs billed.

Plaintiff asserts three basic arguments against the awarding of costs to defendants.  First, Plaintiff contends that Defendants were not the "prevailing party" within the meaning of section 1920(4) because the court entered judgment against Plaintiff as sanction for bad faith conduct.  Plaintiff contends the court was the real prevailing party.  Plaintiff's argument is not persuasive.  Defendants moved for terminating sanctions at more than one point during these proceedings and finally prevailed on that ground when it finally became clear to the court that Plaintiff could not proceed without continuing the abuses that he had been admonished repeatedly to discontinue.  Judgment was entered in favor of Defendants and there is no basis for finding that Defendants are not the prevailing party.  The fact that the case did not go to trial or that it ended as a result of sanctions for bad faith conduct instead of a more conventional disposition does not change the fact that Defendants were the prevailing party.

Next, Plaintiff objects to the award of costs to Defendants by essentially rearguing the merits of the Magistrate Judge's recommendation for terminating sanctions and by arguing that his conduct was reasonable in light of Defendants conduct.  This argument is basically a re-statement of Plaintiff's arguments against the imposition of terminating sanctions – an argument the court has rejected.  Even if the court had granted judgement in favor of Defendants for some other reason, Plaintiff's argument is flawed because it conflates the issues of taxation of costs under 18 U.S.C. § 1920(4) and the award of attorney fees to prevailing parties in civil rights cases under 18 U.S.C. § 1988.  As Plaintiff points out, an award of *attorney's fees* to a *prevailing defendant* in a civil rights case does take more than merely prevailing on the merits of the plaintiff's claims.  The same is not true, however, with the

award of *costs* under section 1920(4). To be entitled to an award of *costs*, a party need only be the prevailing party.

Third, Plaintiff argues that the award of costs to the prevailing party is discretionary and that the equities of this case favor the withholding of the award of any costs to Defendants. The court disagrees. Plaintiff was told early in these proceedings that the *only* viable claims under the facts alleged were the two claims for fourth amendment violations from the two arrests. Plaintiff refused to proceed directly to trial on those two claims but instead made multiple attempts to interject previously alleged claims against Defendants who had been dismissed with prejudice, continued to make disparaging and insulting comments to the court and to opposing counsel and to pointlessly reargue issues that were decided against him. Finally, after repeated attempts to moderate Plaintiff's conduct proved unsuccessful, terminating sanctions brought the action to an end. The meritless and unnecessary nature of substantial portions of Plaintiff's conduct have been discussed in other orders in this case. It is sufficient to note that when a case is ultimately dismissed as a result of sanction for bad faith conduct, the equities of the case do not favor the withholding of costs to the prevailing party.

THEREFORE, for the reasons discussed above, Plaintiff's *ex parte* application for clarification and/or correction of the court's September 29 Order (Doc. 379) is hereby DENIED. Plaintiff's objections to the bills of cost submitted by Defendants (Doc. 347) is hereby OVERRULED.

IT IS SO ORDERED.

Dated:   October 7, 2015                                    _____
                                                            SENIOR DISTRICT JUDGE